SAVOY, Judge.
This suit was brought to recover the policy limits plus penalties, attorneys’ fees and interest, under a policy of dishonesty, disappearance and destruction insurance which covered loss of money or other property sustained by plaintiff through the fraudulent or dishonest acts of its employees.
Plaintiff’s petition alleges that it suffered such a loss, committed by one or more unidentified employees, during the period from August 29, 1957, through September 13, 1958.
Defendant answered plaintiff’s petition, denying that the loss was sustained in the manner alleged by plaintiff; alleging further, that plaintiff had failed to make timely proof of loss and that plaintiff’s claim was based on an inventory computation in violation of the policy provisions; and, that plaintiff’s loss, if any, resulted from the negligence or carelessness of its employees.
Upon trial in the district court, judgment was rendered in favor of defendant, dismissing plaintiff’s suit, from which judgment plaintiff has brought this appeal.
The record reveals that plaintiff is a cleaning and pressing establishment, operating on a cash and carry basis. Its claim of employee dishonesty is grounded on the fact that, over the period of some twelve and one-half (12j4) months specified in its petition, approximately 600 tickets representing clothes cleaned for customers came up> missing, as did an indeterminate amount of money.
With respect to the method of plaintiff’s operations, we now quote, in part, from the written opinion of the district judge, as follows:
“In addition to the above ticket and its component parts, as outlined by Mr. Low-enthal, the person handling the transaction makes an entry into the ‘daily cash report’, copies of which report are reflected in P-3, which copies cover the period of time in question in this case. On this cash report the number of the ticket that is filled out is entered upon the daily cash report and the amount due by the customer is placed thereon. This report is called ‘daily cash report’, however, as Mr. Lowenthal pointed out, it is the amount of business received each day, but does not necessarily reflect the cash that is taken in each day. In other words, this is the amount of money that the plaintiff expects to collect upon the delivery of the clothes to the customers. Each day a new daily cash report is made. The ‘daily summary report’ supplements the daily cash report in that the daily summary report reflects the amount of cash collected each day, the amount of petty cash used for the day’s operations and the amount of cash actually in the cash drawer at the end of the day. At the end of each day, the daily summary report is tied in a bundle with the tickets from the stick file which represents the clothing orders delivered to customers during that day and these bundles are then stored in boxes in the place of business. There is no designation on the ‘daily cash report’ to show whether the clothing orders that are designated thereon are ever delivered to the customer.
*151 “The plaintiff, through its supervisor, Mr. Lowenthal, decided in September, 1958, to make an investigation since generally he felt that the week’s business as shown by the daily cash reports exceeded the amount of cash being accounted for as reflected by the daily summary reports. The plaintiff, through its employees, went throttgh the several boxes of tickets which had been issued by this company beginning August 19, 1957, through September 13, 1958. The numbers of the tickets are reflected in Exhibit P-3 along with the amount of charge made for the clothing received in each instance. These reports reflected that approximately 30,000 tickets or more were issued during this period of time and in comparing the daily cash reports with the actual tickets on hand in the various boxes that were located on the premises of the plaintiff and in the boiler room therein, approximately 600 tickets were not accounted for and were missing which are designated by those numbers which are underlined in red on the various daily cash reports set out in P-3. Mr. Lowenthal further testified that the charges set out on these daily cash reports were not accounted for and an inventory of clothing in the establishment at the time of the investigation, reflected that there was not enough clothing on hand, the cleaning of which would amount to the charges of the missing tickets. He concluded that since the tickets nor the clothing represented by them could not be located, and that his books did not account for collection of the money charged on the missing tickets, then this amount of money was stolen by employees during the period of time in question.
“Mr. Lowenthal, in his testimony, admitted that tickets would occasionally fall off of the polyethylene bags that the clothes were placed in. He further stated that the manager during this period was one that was ‘not strong’ and not educated. The tickets were tied up in bundles, placed in boxes, including cigar boxes, and placed in the boiler room. There was a very high turnover in employees during this period. It was established that no cash register was used. They did not take inventories of the clothing on hand with any frequency during this period of time, however, at the time of the trial they were taking their inventories at a period of each week. All of these aspects of the business show that it was rather loosely run to say the least. For this court to hold that this evidence establishes a dishonest or fraudulent act or acts on behalf of unknown employees would be speculation and this court would have to surmise that dishonesty caused a loss in the plaintiff’s activities. A review of the method of operations in the plaintifif’s plant, brings this court to the conclusion that any loss suffered by the plaintiff could have occurred through negligence, mistake, disobedience to orders, carelessness, or bad judgment. The evidence does not eliminate these explanations for the loss, thus, this court cannot conclude that the cause of loss was dishonest or fraudulent act or acts of employees.”
Under the rule of law set forth in Riggs v. American Surety Company, 217 La. 406, 46 So.2d 313, and authorities therein cited, recovery cannot be had unless the fraud or dishonest acts are proved. We find no manifest error in the findings of the district court in the instant case. A discussion of defendant’s alternative defenses is, therefore, unnecessary.
Accordingly, the judgment of the district court is affirmed. All costs of this appeal to be assessed against plaintiff-appellant.
Affirmed.